CONFORM AND RETURN

FILED
2009 OCT 23 PM 12: 08
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

1  **BRYAN CAVE LLP**
   JOHN W. AMBERG, California Bar No. 108166
2  KAMAO C. SHAW, California Bar No. 253350
   120 Broadway, Suite 300
3  Santa Monica, California 90401-2386
   Telephone: (310) 576-2100
4  Facsimile: (310) 576-2200
   E-mail:    jwamberg@bryancave.com
5             kamao.shaw@bryancave.com

6  Attorneys for Plaintiff
   WORLD AIRWAYS, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORLD AIRWAYS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TEU PRODUCT COMPANY, fka ENMEX CORPORATION, dba TRANS ENERGY USA, a California corporation, and DOES 1-10,<br><br>Defendants. | Case No. CV09 07715 SJO (CTx)<br><br>**VERIFIED COMPLAINT FOR:**<br><br>1. BREACH OF CONTRACT;<br><br>2. BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING;<br><br>3. CONVERSION;<br><br>4. COMMON COUNTS; and<br><br>5. VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200<br><br>**DEMAND FOR JURY TRIAL** |

0234623/753208

VERIFIED COMPLAINT

Plaintiff World Airways, Inc. ("WORLD") alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this dispute because diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). The Central District is the proper venue because the contract that is the subject of this Verified Complaint was formed in this District, and WORLD wired the prepayments that are one element of its damages to a bank account of defendant Trans Energy USA ("TRANS ENERGY") in this District.

## PARTIES

2. WORLD is a Delaware corporation with its principal place of business in Atlanta, Georgia. At all times material to this dispute, WORLD was a global provider of passenger and cargo air transportation services to the United States Air Force, international airlines, freight forwarders, international leisure tour operators, and cruise ship companies.

3. TEU Product Company, formerly known as Enmex Corporation and doing business as TRANS ENERGY, is a California corporation with its principal place of business in Los Angeles, California. At all times material to this dispute, TRANS ENERGY was a provider of fuel to aviation operators such as WORLD.

4. WORLD is informed and believes, and on that basis alleges, that DOES 1 through 20 are legally responsible for the actions alleged in this Verified Complaint, and proximately caused the damages alleged herein. The true names and capacities, whether individual, corporate, partnership, or otherwise, of DOES 1 through 20, are not known to WORLD at this time. When such names and capacities are ascertained, WORLD will seek leave of the Court to amend this Verified Complaint to allege the true names and capacities.

5. WORLD is informed and believes, and on that basis alleges, that the defendants in this action were the agents, authorized representatives, joint venturers, partners, and/or alter egos of one another, and, in doing the acts alleged in this

Verified Complaint, did so jointly and for a common purpose, within the course and scope of his, her, or its authority as such agent, representative, joint venturer, partner, and/or alter ego, with the knowledge, consent, permission, and ratification of each other.

## GENERAL ALLEGATIONS

6. On or about September 15, 2008, WORLD and TRANS ENERGY began to negotiate a fuel agreement. The fuel was for flights out of George Bush Intercontinental Airport in Houston, Texas. WORLD and TRANS ENERGY exchanged written correspondence for approximately one week during the course of their negotiation.

7. During their negotiation, WORLD and TRANS ENERGY discussed a prepayment plan. Under the plan, WORLD would pay TRANS ENERGY for the estimated amount of fuel needed for the following week. The price of the fuel would be determined by the standard industry rate – as determined on a weekly basis by the Platt organization – plus a differential of $.0625 per gallon. The agreement was to take effect on October 1, 2008, and continue through September 30, 2009. At WORLD's request, TRANS ENERGY finalized the parties' agreement on September 19, 2008, by providing WORLD with wiring information for TRANS ENERGY's bank account, and also with TRANS ENERGY's federal identification number. The agreement between WORLD and TRANS ENERGY shall be referred to in this Verified Complaint as the "Prepayment Agreement."

8. Between October 31, 2008, and January 16, 2009, WORLD made fifteen payments to TRANS ENERGY pursuant to the Prepayment Agreement, totaling $4,275,000.00. In return, TRANS ENERGY provided WORLD with fuel. After providing the fuel, TRANS ENERGY deducted the actual cost of the fuel from the estimated prepayment balance advanced by WORLD. TRANS ENERGY later sent invoices to WORLD reflecting the amount of the deduction. At the end of each month, TRANS ENERGY provided WORLD with a monthly statement.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

9.      On or about January 27, 2009, TRANS ENERGY informed WORLD that TRANS ENERGY would not provide WORLD with fuel in accordance with the Prepayment Agreement. As a result of TRANS ENERGY's breach, WORLD was forced to buy replacement fuel from World Fuel Services, a third-party supplier with offices in Houston, Texas. The fuel purchased from World Fuel Services was sold at a differential of $.0735, meaning that it was $.011 more per gallon than the fuel sold by TRANS ENERGY. Between January 28, 2009, and September 28, 2009, WORLD purchased 2,121,344 gallons of fuel from World Fuel Services that otherwise would have been purchased from TRANS ENERGY. WORLD incurred an additional expense of $23,334.78 as a result of having to buy fuel from an alternative supplier due to TRANS ENERGY's failure and refusal to perform.

10.     On January 28, 2009, WORLD demanded a refund from TRANS ENERGY in the amount of $459,012.01. This amount represented prepayments advanced by WORLD to TRANS ENERGY, and was the outstanding balance in TRANS ENERGY's account as of January 27, 2009, when TRANS ENERGY stopped delivering fuel to WORLD. TRANS ENERGY did not respond to WORLD's demand for a refund.

11.     On February 5, 2009, WORLD demanded an accounting report from TRANS ENERGY for the month of January 2009. WORLD also inquired as to the status of its refund. TRANS ENERGY did not provide an accounting. Nor did it respond to WORLD's inquiry regarding the refund, or refund the monies owed.

12.     On February 13, 2009, WORLD informed TRANS ENERGY that it had not received a response to its demand for an accounting. WORLD again inquired as to when it would receive its refund. TRANS ENERGY did not respond.

13.     On March 12, 2009, WORLD once again asked TRANS ENERGY about the status of the refund, and reminded TRANS ENERGY of its prior inquiries regarding the account. TRANS ENERGY again failed to respond.

14. On March 17, 2009, WORLD reiterated to TRANS ENERGY that it had made several prior demands for a refund without receiving a response. WORLD provided TRANS ENERGY with banking instructions for electronic wiring of funds, and demanded that TRANS ENERGY return the $459,012.01 balance by March 20, 2009.

15. After receiving no response to any of its inquiries, WORLD sent a final demand letter to TRANS ENERGY on March 19, 2009.

16. To date, TRANS ENERGY has not responded to any of WORLD's demands for a refund of its prepayment balance. WORLD has not been reimbursed for a single penny of the $459,012.01 credit balance.

## FIRST CLAIM

(Breach of Contract Against All Defendants)

17. WORLD incorporates by reference Paragraphs 1 through 16 of this Verified Complaint.

18. The Prepayment Agreement is an enforceable written agreement confirmed through a course of conduct.

19. TRANS ENERGY breached the Prepayment Agreement by failing to deliver fuel or return to WORLD the $459,012.01 credit balance that existed on January 27, 2009, when TRANS ENERGY informed WORLD that it would discontinue providing fuel.

20. WORLD performed all of its obligations under the Prepayment Agreement, including its obligation to pay TRANS ENERGY for fuel by making prepayments in return for expected deliveries of fuel.

21. TRANS ENERGY's breach of the Prepayment Agreement has directly and proximately caused damage to WORLD. These damages include, but are not limited to, the $459,012.01 in prepayments that TRANS ENERGY has failed and refused to return to WORLD, and the $23,334.78 in damages that WORLD suffered

as a result of purchasing fuel at a higher price from an alternative supplier following TRANS ENERGY's breach.

## SECOND CLAIM

(Breach of the Covenant of Good Faith and Fair Dealing Against All Defendants)

22. WORLD incorporates by reference Paragraphs 1 through 21 of this Verified Complaint.

23. The Prepayment Agreement contained an implied covenant of good faith and fair dealing that neither WORLD nor TRANS ENERGY would do anything to frustrate the purpose of the Prepayment Agreement or interfere with its performance.

24. TRANS ENERGY breached the implied covenant of good faith and fair dealing by failing and refusing to return the $459,012.01 credit balance, provide WORLD with fuel, respond to any of WORLD's inquiries regarding the status of its refund, or respond to any of WORLD's demands for a refund and an accounting.

25. TRANS ENERGY's breach of the implied covenant of good faith and fair dealing actually and proximately caused damage to WORLD. These damages include, but are not limited to, the $459,012.01 in prepayments that TRANS ENERGY has failed and refused to return to WORLD, and the $23,334.78 in damages that WORLD suffered as a result of purchasing fuel at a higher price from an alternative supplier following TRANS ENERGY's breach.

## THIRD CLAIM

(Conversion Against All Defendants)

26. WORLD incorporates by reference Paragraphs 1 through 25 of this Verified Complaint.

27. WORLD has a right to the $459,012.01 credit balance. TRANS ENERGY does not.

28. TRANS ENERGY wrongfully retains possession of the funds, and refuses to respond to any of WORLD's demands for a refund or collection.

29. TRANS ENERGY's refusal to return the funds has actually and proximately caused damage to WORLD in an amount including, but not limited to, $459,012.01.

## FOURTH CLAIM

(Common Counts Against All Defendants)

30. WORLD incorporates by reference Paragraphs 1 through 29 of this Verified Complaint.

31. Within the last four years, TRANS ENERGY became indebted to WORLD in the sum of $459,012.01, for money had and received.

32. WORLD has repeatedly demanded payment from TRANS ENERGY. The last demand was made on March 19, 2009.

33. No payment has been made from TRANS ENERGY to WORLD. There is now due and owing from TRANS ENERGY to WORLD the sum of $459,012.01, plus interest on that amount at the legal rate.

## FIFTH CLAIM

(Violation of Business and Professions Code § 17200 Against All Defendants)

34. WORLD incorporates by reference Paragraphs 1 through 33 of this Verified Complaint.

35. WORLD has repeatedly demanded that TRANS ENERGY return to WORLD the $459,012.01 credit balance. WORLD has repeatedly demanded that TRANS ENERGY furnish WORLD with an accounting.

36. TRANS ENERGY refuses to return the $459,012.01 credit balance. It also refuses to provide an accounting, or otherwise respond to WORLD's demands.

37. TRANS ENERGY has retained the $459,012.01 credit balance advanced by WORLD, without any explanation or justification. TRANS ENERGY's conduct is unlawful in that it constitute a violation of California Penal Code section 503 *et seq*. It is also unfair in that it constitutes bad faith business dealings, willful neglect, is in direct contravention of the Prepayment Agreement

and the course of dealing between TRANS ENERGY and WORLD, and would allow TRANS ENERGY to obtain an unjust benefit and advantage by entering into prepayment arrangements, reneging on its obligations, and retaining the amount of the outstanding prepayments for its own use and benefit.

## PRAYER FOR RELIEF

WHEREFORE, WORLD prays for relief and judgment as follows:

On the First Claim for Breach of Contract:

1. For compensatory damages in an amount not less than $459,012.01;
2. For consequential damages in an amount not less than $23,334.78;
3. For interest at the legal rate of 10% per annum;
4. For such other relief that the Court deems just and proper.

On the Second Claim for Breach of the Covenant of Good Faith and Fair Dealing:

1. For compensatory damages in an amount not less than $459,012.01;
2. For consequential damages in an amount not less than $23,334.78;
3. For interest at the legal rate of 10% per annum;
4. For such other relief that the Court deems just and proper.

On the Third Claim for Conversion:

1. For compensatory damages in the amount of $459,012.01;
2. For interest at the legal rate of 10% per annum;
3. For punitive damages;
4. For such other relief that the Court deems just and proper.

On the Fourth Claim for Common Counts:

1. For compensatory damages in the amount of $459,012.01;
2. For interest at the legal rate of 10% per annum;
3. For such other relief that the Court deems just and proper.

On the Fifth Claim for Violation of Business and Professions Code Section 17200:

1. For restitution in the amount of $459,012.01;
2. For interest at the legal rate of 10% per annum;

1     3.     For such other relief that the Court deems just and proper.

Dated: October 23, 2009      BRYAN CAVE LLP

By: _____
    KAMAO C. SHAW
Attorneys for Plaintiff
WORLD AIRWAYS, INC.

0234623/753208

8

VERIFIED COMPLAINT

## VERIFICATION

I, Scott Pemberton, declare as follows:

I am employed as the Manager of the Fuel Procurement Department for World Airways, Inc., a Delaware Corporation, and a party to this action. I am over the age of 18 years. I have personal knowledge of the relationship between World Airways and Trans Energy USA regarding Trans Energy's provision of fuel to World, and World's damages after Trans Energy breached the parties' contract. I have read the foregoing Verified Complaint and know its contents. I certify that the same is true from my own knowledge in the capacity described above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 15th day of October, 2009, at 4:00 pm.

_/s/ Scott C. Pemberton_

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

0234623/753208

1

VERIFICATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Carolyn Turchin.

The case number on all documents filed with the Court should read as follows:

```
CV09- 7715 SJO (CTx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
John W. Amberg (Cal. Bar No. 108166)
Kamao C. Shaw (Cal. Bar No. 253350)
Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, CA 90401   Tel: (310) 576-2100

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORLD AIRWAYS, INC., a Delaware Corporation,<br><br>PLAINTIFF(S)<br>v.<br><br>TEU PRODUCT COMPANY, fka ENMEX CORPORATION, dba TRANS ENERGY USA, a California corporation, and DOES 1-10,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV09 07715 SJO (CTx)<br><br><br>SUMMONS |

TO:   DEFENDANT(S): <u>TEU PRODUCTION COMPANY, fka ENMEX CORPORATION, dba TRANS ENERGY USA</u>

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>Kamao C. Shaw</u>, whose address is <u>Bryan Cave LLP, 120 Broadway, Suite 300, Santa Monica, CA 90401</u>.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __OCT 2 3 2009__         By: __CHRISTOPHER POWERS__
                                    Deputy Clerk

                              (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                     SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> WORLD AIRWAYS, INC., a Delaware corporation | **DEFENDANTS** <br> TEU PRODUCT COMPANY, fka ENMEX COPORATION, dba TRANS ENERGY USA, a California corporation, and DOES 1-20 |
| **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> John W. Amberg (Cal. Bar No. 108166) <br> Kamao C. Shaw (Cal. Bar No. 253350) <br> Bryan Cave LLP | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT:** $ 482,346.79

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiff sues for breach of contract, breach of the implied covenant, conversion, common counts, and violation of Business and Profession Code section 17200.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☒ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 441 Voting | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | |
| | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV09 07715

FOR OFFICE USE ONLY: Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)     CIVIL COVER SHEET     Page 1 of 2

CONFORM AND RETURN

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Delaware |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

\* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
<u>Note: In land condemnation cases, use the location of the tract of land involved</u>

X. SIGNATURE OF ATTORNEY (OR PRO PER): _/s/ Kevin A._____   Date October 23, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |